# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

ALIEAH WARD, et. al.,

    Plaintiffs,

v.                                               Case No. 10-02308

SHELBY COUNTY SHERIFF'S
DEPARTMENT, et. al.,

    Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

Before the court is Plaintiffs' motion for reconsideration of the court's prior order granting Defendant Correct Care Solutions LLC's ("CCS's") motion to dismiss the claims alleged against it in the amended complaint. CCS has responded in opposition, and the court determines that a motion hearing would be neither helpful nor necessary. *See* W.D. Tenn. LR 7.2(d). Because Plaintiffs have not met the standard set forth in Western District of Tennessee Local Rule 7.3 for the revision of an interlocutory order, the court will deny the motion.

## I. BACKGROUND

Plaintiffs filed their original complaint on April 23, 2010, alleging multiple claims arising from the death of their father, David Oswalt ("Decedent"), at the Shelby County Jail (the "Jail") on April 26, 2009. In the complaint, Plaintiffs named multiple Defendants who, they averred, were liable under 28 U.S.C. § 1983 for violating Decedent's Fourth, Eighth, and Fourteenth Amendment rights. CCS was not named as a Defendant in the

complaint, though Plaintiffs did name "John Doe Defendants 1-100 . . . which may have caused or contributed to the death of David Oswalt."  (Compl. ¶ 11, Dkt. # 1.)

On July 15, 2010, Defendant Shelby County (the "County") filed a motion to dismiss, to which was appended an affidavit by James Coleman, the Director of Shelby County Jail Division, indicating that CCS was under contract with the County to provide medical service at the Jail.  (Coleman Aff. ¶ 8, Dkt. # 33-1.)  Ultimately, the court granted in part and denied in part the County's motion to dismiss, leaving intact only the Fourteenth Amendment claim against the County based on Jail officials' alleged deliberated indifference to Decedent's serious medical needs.  The County filed an answer to the complaint on February 2, 2011, alleging as an affirmative defense that "all medical services to Shelby County inmates and prisoners are provided by [CCS]," and so "if there were any concerns or problems regarding the medical care and treatment given to the decedent . . . such care and treatment would have been provided by CCS." (County's Answer ¶ 41, Dkt. # 57.)

Plaintiffs sought leave to amend their complaint on April 27, 2012, in order to add CCS as a Defendant based on the County's averment in its answer that CCS was the medical provider for inmates at the Jail.  (Pl.'s Mot. Amend ¶ 3, Dkt. # 62.)  The court granted Plaintiffs' motion to amend on May 5, 2011; an amended complaint adding CCS as a defendant was filed on May 19, 2011; and a summons for CCS was issued on June 17, 2011.  Shortly thereafter, CCS moved to dismiss the claims against it, arguing that the amended complaint was filed outside of the one-year limitations period applicable to § 1983 actions in Tennessee, see Tenn. Code Ann. § 28-3-104(a)(3), and the addition of CCS as a party does not relate back to the date of the original complaint

under Federal Rule of Civil Procedure 15(c)(1)(C). The court agreed and granted CCS's motion to dismiss. Plaintiffs then filed the instant motion asking the court to reconsider the dismissal of CCS as a party.

## II. STANDARD

Although Plaintiffs premise their motion for reconsideration on Federal Rules of Civil Procedure 59 and 60, it is more appropriately considered a motion for the revision of an interlocutory order, given that final judgment has not yet been entered in this case. *See* Fed. R. Civ. P. 54(b); W.D. Tenn. LR 7.3(a). Under Local Rule 7.3, the court may grant such a motion only if it specifically shows:

> (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

W.D. Tenn. LR 7.3(b).

## III. DISCUSSION

Plaintiffs assert that reconsideration is in order because the addition of CCS as a Defendant was timely under section 20-1-119 of the Tennessee Code Annotated. That provision allows for tolling of the otherwise applicable statute of limitations, under certain circumstances, when a defendant who was timely sued alleges the comparative fault of a non-party:

> In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to

3

the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault, either:

> (1) Amend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person; or

> (2) Institute a separate action against that person by filing a summons and complaint. If the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed shall not be considered an original complaint initiating the suit or an amended complaint for purposes of this subsection (a).

Tenn. Code Ann. § 20-1-119(a). Plaintiffs maintain that section 20-1-119 allows their attempt to bring CCS into this action—notwithstanding the court's decision that the amendment would not relate back to the date of the original complaint—because the County's answer identified CCS as a potential wrongdoer and Plaintiffs moved to amend the complaint to include CCS within ninety days of the filing of that answer. *See Woodward v. City of Gallatin*, No. 3:10-1060, --- F. Supp. 2d ----, 2012 WL 3095363, at *5 (M.D. Tenn. July 30, 2012) ("[T]his Court is bound to consider T.C.A. § 20-1-119 and the state court decisions interpreting it, in conjunction with the state-supplied statute of limitations, in determining the timeliness of Plaintiff's [§ 1983] suit . . . ."). Plaintiffs' argument, which was inexplicably absent from their response to CCS's motion to dismiss, is not well taken.

First, and as CCS notes, Plaintiffs offer no reason why revision of the court's prior order is justified under Rule 7.3(b). The court sees no indication that, had Plaintiffs exercised reasonable diligence when first briefing this issue, they would not have discovered the potential applicability of section 20-1-119. The statute was enacted by

4

the Tennessee legislature in 1993, and the Sixth Circuit has applied it in federal civil actions subject to Tennessee's limitations laws since at least 1998. *See Whittlesey v. Cole*, 142 F.3d 340, 344-45 (6th Cir. 1998). Additionally, there has not been an occurrence of new material facts or a change of law since the court's dismissal of CCS, nor have Plaintiffs demonstrated a manifest failure by the court to consider material facts or dispositive legal arguments presented on CCS's motion to dismiss. Local Rule 7.3 therefore does not permit the court to revisit its earlier decision.

Second, Plaintiffs' contention fails on the merits, even if the court had been free to consider it. As the Tennessee Supreme Court has explained:

> Successful amendments under section 20-1-119 require four discrete actions within ninety (90) days: (1) the filing and (2) granting of a motion to amend, (3) the filing of an amended complaint, and (4) the issuance of process. Regardless of the *reason* for untimely completion of any of these requirements, Tennessee courts have consistently held that the plaintiff's motion to amend must be filed and granted, the amended complaint must be filed, and process must be issued, all within ninety days to comply with section 20-1-119.

*Jones v. Prof'l Motorcycle Escort Serv., L.L.C.*, 193 S.W.3d 564, 570 (Tenn. 2006); *see also Young v. Toys R Us, Inc.*, 987 F. Supp. 1035, 1036 (E.D. Tenn. 1997) (holding claims time barred under section 20-1-119, even though failure to comply with statute's ninety-day time period was due to trial court's delay in granting motion to amend). Plaintiffs filed their motion to amend the complaint within ninety days of the County's answer, but the motion was not granted, the amended complaint was not filed, and a summons was not issued for CCS until after ninety days had elapsed. Accordingly, section 20-1-119 does not provide grounds for tolling the statute of limitations for Plaintiffs' § 1983 claim against CCS.

## IV.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiffs' motion for reconsideration [Dkt. # 83] is DENIED.

       s/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated:  August 22, 2012


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 22, 2012, by electronic and/or ordinary mail.

       s/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\10-02308.WARD.Reconsideration.sw.set.wpd
6